**CARL E. DOUGLAS, Esq. (SBN 097011)**
carl@douglashickslaw.com
**JAMON R. HICKS, Esq. (SBN 232747)**
jamon@douglashickslaw.com
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
Tel: (323) 655-6505; Fax: (323) 927-1941

Attorneys for Plaintiffs,
D.A.B. and D.Y.B, by and through their Guardian ad Litem,
TERRI THOMAS, and as Successors in Interest to
the ESTATE of DARREN BURLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A.B. and D.Y.B., by and through their Guardian Ad Litem, TERRI THOMAS, and as Successors in Interest to the ESTATE of DARREN BURLEY,<br><br>*Plaintiffs,*<br><br>vs.<br><br>THE COUNTY OF LOS ANGELES; DEPUTY DAVID AVILES and DOES 1-10, Inclusive,<br><br>*Defendants.* | CASE NO.: 2:22-cv-04207<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983**<br>2. **Excessive Force and Denial of Medical Care - 42 U.S.C. § 1983**<br>3. **Substantive Due Process - 42 U.S.C. § 1983**<br>4. **Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983**<br>5. **Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMAND** |

D.A.B. and D.Y.B., minors, by and through their Guardian Ad Litem, Terri Thomas, and as Successors in Interest to the ESTATE of DARREN BURLEY allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the deadly beating of the DECEDENT, Darren Burley.

## PARTIES

2. At all relevant times herein, Darren Burley (hereinafter referred to as "DECEDENT") was an individual residing in the County of Los Angeles, California. He was an African American male who was born on June 9, 1982. He died on August 15, 2021, twelve (12) days after he was attacked by the Defendants as described below.

3. At all relevant times mentioned in this Complaint, Plaintiffs D.A.B. and D.Y.B. were residents of DeKalb County, Georgia. Plaintiffs are the natural minor sons of the decedent DARREN BURLEY (referred to as "DARREN" or "Mr. BURLEY"). D.A.B. was born on January 23, 2008, and D.Y.B. was born on June 2, 2010. At all relevant times mentioned here, TERRI THOMAS ("TERRI" or "Mrs. THOMAS") was a resident of DeKalb County, Georgia and the duly appointed Guardian Ad Litem for minor Plaintiffs.

4. At all relevant times herein, Defendant THE COUNTY OF LOS ANGELES (referred to as "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Sheriff's Department and its tactics,

methods, practices, customs, and usage. At all relevant times, Defendant COUNTY was the employer of DOES Defendants, individually and as peace officers.

5. Plaintiffs are informed, believe, and allege that Defendant DAVID AVILES ("AVILES") is a Deputy Sheriff employed by Los Angeles County and the Los Angeles County Sheriff's Department. At all times during the Incident, Defendant AVILES was acting within the course and scope of his employment with the COUNTY.

6. At all relevant times, DOES Defendants, individually and as a peace officer; were duly authorized employees and agents of the COUNTY, who were acting under the color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant COUNTY.

7. At all relevant times, Defendants individually and as peace officers; were duly appointed officers and/or employees or agents of the COUNTY, subject to oversight and supervision by the COUNTY's elected and non-elected officials.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers; were acting on the implied and actual permission and consent of the COUNTY.

9. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every COUNTY defendant.

10. At all relevant times, Defendants, individually and as peace officers; were working for Defendant COUNTY as police officers.

11. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOES 1-10 Defendants. Plaintiffs will amend this

Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## JURISDICTION

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

///
///
///
///
///

## FACTS COMMON TO ALL CAUSES OF ACTION

14. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. During the evening hours on or about August 3, 2012, at or near the 1300 block of East Glencoe Street, Compton, California, 90211, DARREN was walking down the street when he was stopped by several unknown members of the Los Angeles County Sheriff's Department. After being stopped, the deputies threatened to hit, taser, and strike Mr. BURLEY with impact weapons, and did in fact, hit, taser, and strike DARREN with impact weapons about his head and body. As a legal result of their actions, Mr. BURLEY sustained fatal injuries and damages to his mind and body. As a further legal result of the Defendant deputies' actions and failures to act on August 3, DARREN died on August 15, 2012.

16. DARREN did nothing to justify this use of deadly force against him. He had not posed any reasonable threat of imminent death or serious bodily injury to any of the involved COUNTY deputies, or any other person, so as to justify this use of serious and deadly force against him. Plaintiffs are informed and believe that DARREN's race, color, and ancestry were each a substantial factor leading to the Defendants' decision to assault, batter, taser, and strike him about the head and body, given the circumstances with which they were then presented. None of the deputy Defendants who battered, tasered, and struck Mr. Burley are African American. Consequently, in choosing to exercise severe and malicious force against him, each of the Defendants discriminated against him on account of his race.

17. Both prior to and during the time in which DECEDENT was killed by the Defendants, DECEDENT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable deputy that the DECEDENT had the will, or the ability to inflict substantial bodily harm against any individual or deputy.

18. Plaintiffs are informed and believe that Defendant Aviles was a member of the Executioners – a Compton Sheriff Deputy gang. Plaintiffs further believe that the Executioners are composed of only Latino and/or Hispanic members. There are no women or African American members of the Executioners. These gang members routinely racially profile, harass, discriminate, and use excessive force (and deadly force) against African American members of the community. Mr. Burley was one of those community members.

19. Plaintiffs are informed and believe that DARREN did not die immediately after being battered, tasered, and struck in the head and body with impact weapons by the Defendant deputies. It was clear, or through the exercise of reasonable diligence should have been clear, that immediately after he was attacked by the deputies, DARREN was then in immediate need of medical attention. Nevertheless, the Defendant deputies who were present at the scene, wrongfully, negligently, intentionally, and/or with a deliberate indifference to DARREN's rights and safety, failed to immediately summon medical assistance to the scene to attend to his injuries. This delay in seeking medical assistance demonstrated a conscious disregard for DARREN's medical condition, and was a contributing factor in his falling into a coma and eventual death.

20. A state lawsuit was filed by the Plaintiffs on or about April 15, 2013.

21. On December 31, 2014, a jury by a vote of 9-3, found Defendant AVILES liable for Battery by a Peace Officer.

# FIRST CAUSE OF ACTION

## Excessive Force and Denial of Medical Care 42 U.S.C. § 1983

### (Plaintiffs THE ESTATE OF DARREN BURLEY

### against Defendant Aviles)

22. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23. Defendant, individually and as a peace officer, unjustified beating deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

24. The unreasonable use of force by Defendant AVILES, individually and as a peace officer, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

25. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF DARREN BURLEY is entitled to recover damages.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

///

///

26. As a result of the conduct of Defendant Aviles, individually and as a peace officer, he is liable for DECEDENT's injuries, because he was an integral participant in the excessive force.

27. Defendant, individually and as a peace officer, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded the serious medical need, causing him great bodily harm and death.

28. This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had done nothing violent before, during and after he was battered. Defendant's actions, individually and as a peace officer, thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

29. The conduct of Defendant Aviles, individually and as a peace officer, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Aviles.

30. Plaintiffs seek damages as successors-in-interest to DECEDENT.

31. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///
///
///
///
///
///

## SECOND CAUSE OF ACTION

**Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983**

**(Plaintiff THE ESTATE OF DARREN BURLEY, against Defendant Aviles)**

32. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Defendant, individually and as a peace officer; caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. As a result of the conduct of Defendant, individually and as a peace officer; he is liable for DECEDENT's injuries, because he was an integral participant in the wrongful detention and arrest.

35. The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

36. The conduct of Defendant Aviles, individually and as a peace officer was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Aviles.

37. The Plaintiffs seek damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate.

38. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

# THIRD CAUSE OF ACTION

## Substantive Due Process - 42 U.S.C. § 1983

### (Plaintiffs, ESTATE and Minors against Defendant AVILES and DOES 1-10, inclusive)

39. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

41. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

42. As a result of the beating by Defendant Aviles, individually and as a peace officer, DECEDENT died. Minor Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

43. Defendant Aviles, individually and as a peace officer, acting under the color of state law, thus violated the Fourteenth Amendment of minor Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

44. The aforementioned actions of Defendant Aviles, individually and as a peace officer, along with other undiscovered conduct, shocks the conscious, in that he acted with deliberate indifference to the constitutional rights of

DECEDENT and minor Plaintiffs, with purpose to harm, unrelated to any legitimate law enforcement objective.

45. As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF DARREN BURLEY is entitled to recover damages.  Minor Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Minor Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

46. The conduct of Defendant Aviles, individually and as a peace officer, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Aviles.

47. Plaintiffs seek punitive damages.

48. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

**Interference with Familial Relationship and Freedom of Association – 42 U.S.C. § 1983**

**(Plaintiffs THE ESTATE OF DARREN BURLEY, Minor Plaintiffs against Defendants DOES 1-10, inclusive)**

49. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

50. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

51. As a result of the excessive force by Defendant Aviles, individually and as a peace officer, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right and familial relationship with DECEDENT.

52. Defendant Aviles, individually and as a peace officer, acting under the color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

53. The aforementioned actions of Defendant Aviles, individually and as a peace officer, along with other undiscovered conduct, shocks the conscience, in that he acted with deliberate indifference to the constitutional rights of DECEDENT and minor Plaintiffs, with purpose to harm, unrelated to any legitimate law enforcement objective.

54. As a direct and proximate cause of the acts of Defendant Aviles, individually and as a peace officer, Plaintiffs have also been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

55. The conduct of Defendant Aviles, individually and as a peace officer, was malicious, oppressive, and in reckless disregard for the rights and safety of

12

COMPLAINT FOR DAMAGES

DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

56. Decedent's successors-in-interest seek wrongful death damages under this claim.

## FIFTH CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**

**(Plaintiffs THE ESTATE OF DARREN BURLEY against Defendants COUNTY OF LOS ANGELES and DOES Defendants)**

57. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58. On information and belief Defendant's conduct, individually and as a peace officer, who killed DECEDENT, was ratified by COUNTY's sheriff's department supervisorial deputies.

59. On information and belief, Defendant Aviles was not disciplined for killing DECEDENT, who did not pose a risk to Defendant.

60. On and for some time prior to August 3, 2012, (and continuing to the present day) Defendant Aviles, individually and as a peace officer, deprived Plaintiffs and DECEDENT of their rights and liberties secured to them by the Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly

maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Failing to train officers how to engage in a foot pursuit without the use of deadly force where the circumstances do not risk death or great bodily injury of the officer or other individual. At all times stated in this complaint, Mr. BURLEY was unarmed.

    b. Employing and retaining as sheriff deputies and other personnel, including Defendant Aviles, individually and as a peace officer; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Police Department policies, including the use of excessive and deadly force;

    c. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff deputies, and other personnel, including Defendants who COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendant Aviles who is a sheriff deputy of the COUNTY;

    e.     By failing to discipline COUNTY Sheriff Deputies' conduct, including but not limited to, unlawful detention and excessive and deadly force;

    f.     By ratifying the intentional misconduct of Defendant Aviles and other Deputies who are Sheriff Deputies of the COUNTY;

    g.     By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs and practices of Defendant was done with a deliberate indifference to individuals' safety and rights; and

    h.     By failing to properly investigate claims of unlawful detention and excessive force by COUNTY Sheriff Deputies.

    i.     By failing to discipline, investigate or eliminate Deputy gangs and gang members (including Defendant Aviles) within the Department - not limited to just the Executioners.

61.     By reason of the aforementioned policies and practices of Defendant Aviles, individually and as a peace officer, DECEDENT was severely injured and subjected to pain and suffering and lost his life and earning capacity for which THE ESTATE OF DARREN BURLEY is entitled to recover damages.

62.     Defendant Aviles, individually and as a peace officer, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such


policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

63. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and Plaintiffs' constitutional rights.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of DECEDENT and Plaintiffs.

65. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

66. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

67. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

68. Plaintiffs seek wrongful death damages under this claim.

69. Plaintiffs also seek attorney fees under this claim.

///

///

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

## PRAYER FOR RELIEF

1. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

2. For funeral expenses and loss of financial support;

3. For punitive damages against the individual defendants in an amount to be proven at trial;

4. For prejudgment interest;

5. For an award of general and special damages in the amount to be proven at trial;

6. For reasonable costs of this suit incurred herein;

7. For reasonable attorney's fees and costs as provided by law;

8. For such further other relief as the Court may deem just, proper and appropriate.

Respectfully submitted,

Dated: June 17, 2022   ***DOUGLAS / HICKS LAW, APC***

By:   ***/s/ Jamon R. Hicks***
CARL E. DOUGLAS, ESQ.
JAMON R. HICKS, ESQ.
Attorneys for Plaintiffs,
D.A.B. and D.Y.B., by and through their Guardian ad Litem, TERRI THOMAS, and as Successors in Interest to the ESTATE of DARREN BURLEY

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: June 17, 2022            **DOUGLAS / HICKS LAW, APC**

By:     **/s/ Jamon R. Hicks**
CARL E. DOUGLAS, ESQ.
JAMON R. HICKS, ESQ.
Attorneys for Plaintiffs,
D.A.B. and D.Y.B., by and through their
Guardian ad Litem, TERRI THOMAS, and
as Successors in Interest to the ESTATE of
DARREN BURLEY