**CARL E. DOUGLAS, Esq. (SBN 097011)**
carl@douglashickslaw.com
**JAMON R. HICKS, Esq. (SBN 232747)**
jamon@douglashickslaw.com
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
Tel: (323) 655-6505; Fax: (323) 927-1941

Attorneys for Plaintiffs,
D.B. and D.C.B, by and through their Guardian ad Litem,
TERRI THOMAS, individually and as Successors in Interest to
the ESTATE of DARREN BURLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.B. and D.C.B., by and through their Guardian Ad Litem, TERRI THOMAS, and as Successors in Interest to the ESTATE of DARREN BURLEY,<br><br>*Plaintiffs,*<br><br>vs.<br><br>THE COUNTY OF LOS ANGELES; DEPUTY DAVID AVILES and DOES 1-10, Inclusive,<br><br>*Defendants.* | CASE NO.: 2:22-cv-04207-PA-JPR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Excessive Force - 42 U.S.C. § 1983**<br>2. **Substantive Due Process - 42 U.S.C. § 1983**<br>3. **Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983**<br>4. **Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMAND** |

D.B. and D.C.B., minors, by and through their Guardian Ad Litem, Terri Thomas, individually and as Successors in Interest to the ESTATE of DARREN BURLEY allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the deadly beating of the DECEDENT, Darren Burley.

## PARTIES

2. At all relevant times herein, Darren Burley (hereinafter referred to as "DECEDENT" or "MR. BURLEY") was an individual residing in the County of Los Angeles, California. He was an African American male who was born on June 9, 1982. He died on August 15, 2021, twelve (12) days after he was attacked by the Defendants as described below.

3. At all relevant times mentioned in this Complaint, Plaintiffs D.B. and D.C.B. were residents of DeKalb County, Georgia. Plaintiffs are the natural minor sons of the decedent DARREN BURLEY (referred to as "DARREN" or "Mr. BURLEY"). D.B. was born on January 23, 2008, and D.C.B. was born on June 1, 2010. At all relevant times mentioned here, TERRI THOMAS ("TERRI" or "Mrs. THOMAS") was a resident of DeKalb County, Georgia and the duly appointed Guardian Ad Litem for minor Plaintiffs.

4. At all relevant times herein, Defendant THE COUNTY OF LOS ANGELES (referred to as "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices

affecting the operation of the Los Angeles Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant COUNTY was the employer of DOES Defendants, individually and as peace officers.

5. Plaintiffs are informed, believe, and allege that Defendant DAVID AVILES ("AVILES") is a Deputy Sheriff employed by Los Angeles County and the Los Angeles County Sheriff's Department ("LASD"). At all times during the Incident, Defendant AVILES was acting under color of law and within the course and scope of his employment with the COUNTY.

6. At all relevant times, DOES Defendants, individually and as a peace officer; were duly authorized employees and agents of the COUNTY, who were acting under the color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant COUNTY.

7. At all relevant times, Defendants individually and as peace officers; were duly appointed officers and/or employees or agents of the COUNTY, subject to oversight and supervision by the COUNTY's elected and non-elected officials.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers; were acting on the implied and actual permission and consent of the COUNTY.

9. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every COUNTY defendant.

10. At all relevant times, Defendants, individually and as peace officers; were working for Defendant COUNTY as police officers.

3

FIRST AMENDED COMPLAINT FOR DAMAGES

11. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOES 1-10 Defendants.  Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs.  Plaintiffs are informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiffs will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## JURISDICTION

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

///
///
///

FIRST AMENDED COMPLAINT FOR DAMAGES

## FACTS COMMON TO ALL CAUSES OF ACTION

14.  Plaintiffs repeat and restate each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15.  During the evening hours on or about August 3, 2012, at or near the 1300 block of East Glencoe Street, Compton, California, 90211, Mr. BURLEY was walking down the street when he was stopped by several unknown members of the Los Angeles County Sheriff's Department. After being stopped, the deputies threatened to hit, taser, and strike Mr. BURLEY with impact weapons, and did in fact, hit, taser, and strike Mr. BURLEY with impact weapons about his head and body.

16.  As Mr. BURLEY was on the ground, Defendant AVILES tried "to pin" his upper body to the ground by mounting him and pressing one knee into the center of his back, at the top of his diaphragm, and another knee down on the back of his head, near the back of his neck. Defendant AVILES, who weighed 200 pounds, used as much body weight was he was able to apply. Mr. BURLEY struggles, trying to raise his chest from the ground. According to a witness, Defendant AVILES held Mr. BURLEY in "some type of head-lock" during most of the struggle and was "choking" him.[1]

17.  Even though restrained, Mr. BURLEY was still flinging and twisting his upper body, so Defendant AVILS remained on Mr. BURLEY's back, using his "upper body weight" to push down on Mr. BURLEY and "keep him in place."

---

[1] The allegations in paragraphs 16-18 are taken from the California Supreme Court's opinion in *B.B. v County of Los Angeles*, 10 Cal.5th 1, 6. (2020)

18. Defendant AVILES then pinned Mr. BURLEY to the ground while other deputies beat him with a flashlight and tasered him repeatedly. Defendant AVILES pressed his knees on Mr. BURLEY's neck and back with the full weight of his 200 pound body. A witness saw Mr. BURLEY gasping for air. When Mr. BURLEY lost consciousness, none of the deputies rendered aid. Mr. BURLEY never regained consciousness and died 10 days later.

19. Mr. BURLEY did nothing to justify this use of deadly force against him. He had not posed any reasonable threat of imminent death or serious bodily injury to any of the involved COUNTY deputies, or any other person, so as to justify this use of serious and deadly force against him. Plaintiffs are informed and believe that Mr. BURLEY's race, color, and ancestry were each a substantial factor leading to the Defendant Aviles' use of excessive force. None of the deputy Defendants who battered, tasered, and struck Mr. BURLEY are African American. Consequently, in choosing to exercise severe and malicious force against him, each of the Defendants discriminated against him on account of his race.

20. Both prior to and during the time in which DECEDENT was killed by the Defendants, DECEDENT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable deputy that the DECEDENT had the will, or the ability to inflict substantial bodily harm against any individual or deputy.

21. Plaintiffs are informed and believe that at all relevant times Defendant Aviles was a member, or an associate, of the Executioners and/or 3000 Boys. The Executioners are a Compton Sheriff Deputy gang who are known to control the conduct of the Compton Station of the LASD and to condone and encourage the use of excessive force, particularly against African Americans. The 3000 Boys are also a Sheriff Deputy gang representing members who patrolled the 3000 floor of

the Twin Towers jail. Plaintiffs further believe that the Executioners and the 3000 Boys are composed of only Latino and/or Hispanic members. There are no women or African American members of the Executioners or 3000 Boys. These gang members routinely racially profile, harass, discriminate, and use excessive force (and deadly force) against African American members of the community. Mr. Burley was one of those community members. At all times mentioned in this complaint, Defendant COUNTY was aware that Defendant AVILES was a member of a Deputy Sheriff gang and have protected, defended and denied his involvement yet instead the LASD condoned such gangs.

22. Plaintiffs are informed and believe that MR. BURLEY did not die immediately after being subjected to excessive force by the Defendant Aviles. MR. BURLEY was in a coma for some time before his death. Plaintiffs are informed and believe that both before and during the period he was in a coma, MR. BURLEY suffered greatly. As a result of this suffering, MR. BURLEY's estate, by his successors in interest, seeks damages for his pain and suffering prior to his death. These damages were not available in his previous lawsuit in Los Angeles County Superior Court. However, the Ninth Circuit has recognized that such damages are available under Section 1983 pursuant to *Chaudry v. City of Los Angeles,* 751 F.3d 1096 (2014).

23. A lawsuit was filed in Los Angeles County Superior Court by the Plaintiffs on or about April 15, 2013 asserting claims under California law.

24. On December 31, 2014, a jury by a vote of 9-3, found Defendant AVILES liable for Battery by a Peace Officer and awarded Plaintiffs damages for wrongful death under California law.[2] However, numerous issues were not

---

[2] The full judgment against Defendants Aviles and the County of Los Angeles for battery was fully affirmed by a unanimous California Supreme

litigated in the state court lawsuit including, without limitation: 1.) the amount of damages to be awarded for DECEDENT's pain and suffering under Section 1983; 2.) the *Monell* liability based on the L.A County Sheriff's Department official customs, policies and/or practices condoning the use of excessive force by LASD deputies as well as condoning the existence of racist gangs of deputies such as the Executioners, as discussed in more detail later in this First Amended Complaint, 3) the emotional distress and other damages resulting from the denial of Plaintiffs' federal constitutional rights to the association of the father, DECEDENT Darren Burley. The damages awarded in the prior lawsuit were solely for wrongful death under California law, and therefore did not include damages under Section 1983, including survivorship damages for Mr. Burley's pain and suffering and other damages available under federal law.

///

///

///

---

Court. *See B.B. v County of Los Angeles*, 10 Cal.5th 1 (2020). In his concurring opinion in this case, Associate Supreme Court Justice Liu stated: "Darren Burley was Black. By happenstance, we heard oral argument in this case one week after another Black man, George Floyd, was killed by a Minneapolis police officer who pressed his knee into Floyd's neck with the full weight of his body for 8 minutes and 46 seconds – an incident that galvanized protests in every state across the country and throughout the world. In all likelihood, the only reason Darren Burley is not a household name is that his killing was not caught on videotape as Floyd's was." *See B.B. v County of Los Angeles*, 10 Cal.5th at 30.

FIRST AMENDED COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### Excessive Force 42 U.S.C. § 1983

**(Plaintiffs D.B. and D.C.B. as successors in interest of THE ESTATE OF DARREN BURLEY against Defendant Aviles)**

25. Plaintiffs repeat and restate each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. The unreasonable use of force by Defendant AVILES, individually and as a peace officer, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF DARREN BURLEY is entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

28. As a result of the conduct of Defendant Aviles, individually and as a peace officer, he is liable for DECEDENT's injuries, because he was an integral participant in the excessive force.

29. This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had done nothing violent before, during and after he was battered.

30. The conduct of Defendant Aviles, individually and as a peace officer, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Aviles.

31. Plaintiffs seek damages as successors-in-interest to DECEDENT.

32. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Substantive Due Process - 42 U.S.C. § 1983

**(Plaintiffs, ESTATE and Minors against Defendant AVILES and DOES 1-10, inclusive)**

33. Plaintiffs repeat and restate each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

35. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

36. As a result of the beating by Defendant AVILES, individually and as a peace officer, DECEDENT died. Minor Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

37. Defendant AVILES, individually and as a peace officer, acting under the color of state law, thus violated the Fourteenth Amendment of minor Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

38. The aforementioned actions of Defendant AVILES, individually and as a peace officer, along with other undiscovered conduct, shocks the conscious, in that he acted with deliberate indifference to the constitutional rights of DECEDENT and minor Plaintiffs, with purpose to harm, unrelated to any legitimate law enforcement objective.

39. As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF DARREN BURLEY is entitled to recover damages. Minor Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Minor Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

40. The conduct of Defendant AVILES, individually and as a peace officer, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant AVILES.

41. Plaintiffs seek punitive damages.

42. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

**Interference with Familial Relationship and Freedom of Association –**
**42 U.S.C. § 1983**
**(Plaintiffs THE ESTATE OF DARREN BURLEY, Minor Plaintiffs against Defendants DOES 1-10, inclusive)**

43. Plaintiffs repeat and restate each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

45. As a result of the excessive force by Defendant AVILES, individually and as a peace officer, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right and familial relationship with DECEDENT.

46. Defendant AVILES, individually and as a peace officer, acting under the color of state law, thus violated the First and Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

47. The aforementioned actions of Defendant AVILES, individually and as a peace officer, along with other undiscovered conduct, shocks the conscience, in that he acted with deliberate indifference to the constitutional rights of

FIRST AMENDED COMPLAINT FOR DAMAGES

DECEDENT and minor Plaintiffs, with purpose to harm, unrelated to any legitimate law enforcement objective.

48. As a direct and proximate cause of the acts of Defendant AVILES, individually and as a peace officer, Plaintiffs have also been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

49. The conduct of Defendant AVILES, individually and as a peace officer, was malicious, oppressive, and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

50. Decedent's successors-in-interest seek wrongful death damages under this claim.

## FOURTH CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**

**(Plaintiffs THE ESTATE OF DARREN BURLEY against Defendants COUNTY OF LOS ANGELES and DOES Defendants)**

51. Plaintiffs repeat and restate each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52. On information and belief Defendant AVILES' conduct, individually and as a peace officer, who killed DECEDENT, was ratified by COUNTY's sheriff's department supervisorial deputies.

53. On information and belief, Defendant AVILES was not disciplined for killing DECEDENT, who did not pose a risk to Defendant.

54. On and for some time prior to August 3, 2012, (and continuing to the present day) Defendant AVILES, individually and as a peace officer, deprived Plaintiffs and DECEDENT of their rights and liberties secured to them by the First, Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Failing to train officers how to engage in a foot pursuit without the use of deadly force where the circumstances do not risk death or great bodily injury of the officer or other individual. At all times stated in this complaint, Mr. BURLEY was unarmed.

    b. Employing and retaining as sheriff deputies and other personnel, including Defendant AVILES, individually and as a peace officer; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Police Department policies, including the use of excessive and deadly force;

    c. Of inadequately supervising, training, controlling, assigning, and disciplining Defendant AVILES, who the COUNTY knew

or in the exercise of reasonable care should have known had the aforementioned propensity and character trait, including the propensity for violence and the use of excessive force;

d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendant AVILES who is a sheriff deputy of the COUNTY;

e. By failing to discipline Defendant AVILES' conduct, including but not limited to, unlawful detention and excessive and deadly force and his membership and association with violent LASD gangs;

f. By defending and ratifying the intentional misconduct of Defendant Aviles and other Deputies who are Sheriff Deputies of the COUNTY;

g. By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendant was done with a deliberate indifference to individuals' safety and rights; and

h. By failing to properly investigate claims of unlawful detention and excessive force by Defendant AVILES.

i. By failing to discipline, investigate or eliminate Deputy gangs and gang members (including Defendant AVILES) within the Department - including the Executioners and 3000 Boys.

      j.      By failing to disband Deputy gangs such as the Executioners and 3000 Boys. At all times mentioned in this complaint, the COUNTY knew or should have known that Defendant AVILES was the member or an associate of a Deputy gang. They failed to prevent Defendant AVILES' involvement in such illegal gang activity.

      k.      The LASD has known of and condoned the existence of violent and racist gangs of deputies such as the Executioners and is currently under investigation by the California Attorney General's office as a result of its allowing, condoning and fostering deputy gangs.

55. Defendant AVILES, individually and as a peace officer, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above the Defendant County of Los Angeles, condoned, tolerated and through actions and inactions thereby ratified such policies. The LASD has acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

56. The LASD's unconstitutional policies practices, and customs described herein were affirmatively linked to and were a moving force behind the injuries of DECEDENT and Plaintiffs and the violation of Plaintiffs' constitutional rights.

FIRST AMENDED COMPLAINT FOR DAMAGES

57. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

58. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

59. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

60. Plaintiffs seek pain and suffering damages under this claim.

61. Plaintiffs also seek attorney fees under this claim.

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

## PRAYER FOR RELIEF

1. For compensatory damages, including both survival damages and damages for Plaintiffs in their individual capacities under federal, in an amount to be proven at trial;

2. For funeral expenses and loss of financial support;

3. For punitive damages against the individual defendants in an amount to be proven at trial;

4. For prejudgment interest;

5. For an award of general and special damages in the amount to be proven at trial;

6. For reasonable costs of this suit incurred herein;

7. For reasonable attorney's fees and costs as provided by law;

8. For such further other relief as the Court may deem just, proper and appropriate.

Respectfully submitted,

Dated: September 12, 2022    **DOUGLAS / HICKS LAW, APC**

By: ___***/s/ Jamon R. Hicks***___
CARL E. DOUGLAS, ESQ.
JAMON R. HICKS, ESQ.
Attorneys for Plaintiffs,
D.B. and D.C.B., by and through their
Guardian ad Litem, TERRI THOMAS,
individually and as Successors in Interest to
the ESTATE of DARREN BURLEY

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: September 12, 2022	**DOUGLAS / HICKS LAW, APC**

By:	*/s/ Jamon R. Hicks*
CARL E. DOUGLAS, ESQ.
JAMON R. HICKS, ESQ.
Attorneys for Plaintiffs,
D.B. and D.C.B., by and through their
Guardian ad Litem, TERRI THOMAS,
individually and as Successors in Interest to
the ESTATE of DARREN BURLEY